UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Donald Berrios

v.                                                        Civil No. 14-cv-133-PB

Oxford Law, LLC and
Marvin Harris

O R D E R

On September 9, 2014, the court issued an order notifying plaintiff that the case will be dismissed without prejudice unless the plaintiff demonstrates that either (1) timely effective service was made; or (2) there is good cause for the failure to make timely effective service or for the granting of an extension of time to complete service. For the following reasons, the court finds the defendant has not properly served the defendants in this case.

On June 6, 2014, the Clerk of Court directed counsel for the plaintiff to specify the manner in which service was made on the defendants.   In response, the plaintiff claimed service was made on an "authorized agent" pursuant to Fed. R. Civ. P. 4(h)(1)(B) and Fed. R. Civ. P. (e)(2)(C).   By order dated June 6, 2014, the Clerk of Court found that service on both Oxford Law, LLC and Marvin Harris via "Joe Torok – Legal Rep" at the principal address of Oxford Law, LLC, failed to satisfy Fed. R. Civ. P. 4(h)(1)(B) or Fed. R. Civ. P. (e)(2)(C).

The plaintiff now maintains that service was proper under the state law of Pennsylvania, pursuant to Fed. R. Civ. P. 4(h)(1)(A).   Specifically, he contends that service was made pursuant to Pa. R. Civ. P. 402 (a)(2)(iii), which provides as follows:   "Original process may be served ... by handing a copy … at any office or usual place of business of the defendant to his agent or to the person for the time being in charge thereof."   The plaintiff maintains that service on an

individual named Joe Torok, who identified himself to the process server as a "legal representative" of Oxford, satisfies Pa. R. Civ. P. 402(a)(2)(iii).

Rule 424, however, expressly provides that Rule 402(a)(2)'s service provisions do not apply to a corporation or similar entity, which would include Oxford Law, LLC.   Instead, Pa. R. Civ. P. 424 governs service of process on Oxford Law, LLC.   See Kosicki v. Nationstar Mortg., LLC, 947 F.Supp. 2d 546, 559 (W.D. Pa. 2013) (applying Pa.R.C.P. No. 424 to service on a limited liability company).   That rule requires service on "(1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it." There is no evidence that Joe Torok, as the "legal representative" for Oxford Law, LLC, holds a relevant position of authority with Oxford Law, LLC, nor has the plaintiff presented a written authorization by Oxford Law, LLC for Joe Torok to serve in that capacity.

As to Marvin Harris, the plaintiff does not specifically address how the requirements of Rule 402 were satisfied.   Rule 402(a)(2)(iii) "provides for the service of an individual at a place of business in which he or she has a proprietary interest, not for the service of an employee at his place of employment." Johnson-Lloyd v. Vocational Rehabilitation Office, Pa. Dep't of Labor & Indus., 813 F. Supp. 1120, 1125 (E.D. Pa. 1993). There is no evidence Marvin Harris has a proprietary interest in Oxford Law, LLC, which would permit him to be served via an agent at its principal offices.

Finally, it appears Pennsylvania law requires original process be served by the sheriff. Pa. R. Civ. P. 400(a); Vogt v. Liberty Mut. Fire Ins. Co., 2006 PA Super. 124, P7 (Pa. Super. Ct. 2006).   Although there are a number of exceptions to this rule, it does not appear any apply in this

case. Process here was served by Scott Segol of Seagull Legal Services, Inc., and not the sheriff. As the plaintiff did not address this restriction or any potential exceptions in his motion, the court also finds service defective for failure to employ sheriff service.

For the foregoing reasons, the court denies the plaintiff's Motion to Accept Service of the Defendants as Proper (doc. no. 10) or to otherwise find the manner of service made to be an acceptable alternative form of service. Accordingly, the case is dismissed pursuant to Fed. R. Civ. P. 4(m).

SO ORDERED.

By the Court,

/s/ Paul Barbadoro
Paul J. Barbadoro
District Judge

Date:   October 8, 2014

cc:     Keith Matthews, Esq.